UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| SIERRA PACIFIC POWER COMPANY, a Nevada Corporation,<br><br>                          Plaintiff,<br><br>vs.<br><br>THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, a Connecticut Corporation, and ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation as successor in interest to Zurich Insurance Company, US Branch,<br><br>                          Defendants. | CV-N-04-0034-LRH (RAM)<br><br>ORDER |

Presently before this Court are motions for summary judgment (# 27) and to exclude evidence submitted to oppose summary judgment (# 37) brought by Defendants. Plaintiff has opposed each motion (# 32 and 42), and Defendants have filed replies (# 36 and 43).

**FACTUAL AND PROCEDURAL BACKGROUND**

The present dispute arises over insurance contracts entered into to protect Plaintiff Sierra Pacific Power Company in the event that its Farad Dam, located on the Truckee River in Farad, California, was damaged. Unfortunately, a massive flood in 1997 destroyed the Farad Dam and precipitated the present chain of events leading to the present lawsuit.

After the dam was destroyed, Plaintiff began discussions with Defendants Hartford Steam Boiler Inspection and Insurance Company and Zurich American Insurance Company, each the insurer of one half of Plaintiff's interest in the dam. The discussions centered around how much

1  Plaintiff would be entitled to under the policies involved, and what Plaintiff had to complete in
2  order to qualify for those funds.  The parties have been bickering over the interpretation, and
3  execution, of a provision in the contracts known as a "replacement cost" provision.  This
4  provision states that "in the event of loss or damage to property which is not repaired, rebuilt or
5  replaced within two years from the date of loss or damage, this company shall not be liable for
6  more than the actual cash value (with proper deduction for depreciation) of the property
7  destroyed."
8       Both parties agree that this clause contemplates a dual requirement for repair, rebuilding
9  or replacement costs to be covered by the contract: first, an actual expenditure relating to
10 repairing, rebuilding or replacing the covered property, and second, that this expenditure arise
11 within the two year period contemplated by the contract.  In this instance, however, the two year
12 period has been extended to a seven year period through written one year extensions issued by
13 Defendants, at Plaintiff's request, in 1998, 1999, 2000, 2001 and 2002.  Under these extensions,
14 the requirements for payment under the contracts were to be completed by December 31, 2003.
15 This lawsuit was filed December 18, 2003 with the goal of legally determining that Plaintiff is
16 entitled to the cost of replacing Farad Dam, as opposed to the actual cash value of the dam when
17 destroyed by the flood.
18      A final point regarding the insurance contract discussions warrants mentioning.  In 2001,
19 Defendants offered, and Plaintiff accepted a payment of $1,011,000.00 on the contract.  There is
20 a present dispute between the parties whether that payment amounted to payment of the actual
21 cash value of the property in full, or a first payment on the expenditures incurred to rebuild the
22 dam.  This dispute is irrelevant to the pending discussion, but the timing of the payment is not.
23      Discovery was had on the underlying issues.  As a part of that discovery, Defendants
24 conducted a Rule 30(b)(6) deposition of Ms. Jeannette Wiley.  In that deposition, Defendants
25 asked Ms. Wiley if Plaintiff had begun repairs on the Farad Dam.  Ms. Wiley answered that
26 repairs had not begun.  The basis for summary judgment is Defendants' contention that this
27 admission amounts to proof that Plaintiff has not complied with the requirement that repair,
28 rebuilding or replacement begin within the contract term.

In Plaintiff's opposition to summary judgment, an affidavit from Ms. Wiley was attached contending that she had misunderstood the question posed to her at her deposition. Specifically, Ms. Wiley understood the question to inquire only about repairs. Since the dam is being completely rebuilt, Ms. Wiley states, she answered that no repairs had been done at this time even though she knew that actions had been taken on the dam project. Ms. Wiley also states she has reviewed the affidavit of John S. Bedrow, also attached to the opposition to summary judgment, and is able to now state that nearly four million dollars have been expended on the rebuilding project.

Defendants have objected to both these pieces of evidence, as well as a letter also attached to the opposition to summary judgment, contending first that Ms. Wiley's affidavit is a sham, offered only to create an issue of fact she herself precluded in her deposition testimony, and second that Mr. Bedrow's affidavit should be stricken under Federal Rule of Civil Procedure 37 because Mr. Bedrow was not disclosed by Plaintiff in their mandatory Rule 26(a) disclosures, or any subsequent update.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue as to any material fact is only "genuine" if the evidence regarding the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

## DISCUSSION

To properly reach the summary judgment issue in this matter, the Court must first determine whether the evidence presented in opposition to summary judgment should be excluded on the grounds raised by Defendants. Once that issue is decided, the Court will turn to determine whether a genuine issue of material fact exists.

**A. Summary Judgment Evidence**

The Court is faced with two pieces of evidence in dispute. As a preliminary matter, though, the Court notes that Defendant's have objected to a letter allegedly written to Mr. Pat Jeremy by Mr. William E. Peterson and noting that an impasse had arisen between the parties concerning the discussions over the contract provision. The letter, as provided to the Court, is unsigned and Defendants have provided an affidavit stating that the letter was never received. The Court need not pass on the admissibility of the letter at this time, as it is irrelevant to the summary judgment issue. Thus, the Court states that it has not considered this disputed letter in any capacity when reaching its decision regarding summary judgment.

*1. Affidavit of Ms. Jeanette Wiley*

Defendants seek to exclude the affidavit of Ms. Wiley attached to Plaintiff's opposition to summary judgment on the sole ground that it is a sham affidavit. A sham affidavit is one introduced to contradict previous sworn deposition testimony for the sole purpose of creating a material issue of fact that would preclude summary judgment. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). The reasoning behind this rule is that the utility of the summary judgment procedure would be diminished greatly if a party who has been examined at length could simply submit an affidavit contradicting that previous testimony to create an issue of fact. *Id.*

However, this general rule does not apply to every situation where a subsequent affidavit contradicts prior deposition testimony. In fact, the subsequent affidavit will only be excluded by a court when there is a specific factual determination that the contradiction was actually a sham. *Id.* at 267. Defendants have argued that the affidavit flatly contradicts the prior testimony and must be excluded for the sole reason that a pure contradiction exists. The Court disagrees.

The Court first notes that the deposition taken did not question Ms. Wiley in depth concerning whether Plaintiff had made expenditures repairing, replacing or rebuilding Farad Dam. In fact, the testimony on which Defendants place their summary judgment hopes is a simply two question exchange:

1
2
3

   Q: What's the status today of the repair efforts?  Still pending?
   A: You mean have we started?
   Q: Yes.
   A: No.

4 The Court does not find this passing reference to repair efforts to be the type of examination at
5 length that the general sham affidavit rule is meant to protect.

6  Further, the Court is unconvinced that the affidavit flatly contradicts the deposition
7 testimony.  While Ms. Wiley admitted that no repair efforts were being made, there was no
8 elaboration on whether or not expenditures had been made in any form for the rebuilding or
9 replacement of the dam.  The affidavit merely expands upon the questioning that was not
10 provided and does not state that repairs are being made.  Thus, the Court concludes that the
11 affidavit supplements, and does not contradict, the previous deposition testimony.

12  Finally, the Court does not find that the affidavit is a sham.  Plaintiff has provided several
13 other pieces of evidence suggesting that the dam was being replaced and that expenditures were
14 being made to further that project.  Defendants have provided no evidence to contradict Plaintiffs
15 averred need for the further explanation contained in the affidavit and the Court finds no indicia
16 of deceit related to the filing of the disputed affidavit.  Accordingly, the Court does not find that
17 Ms. Wiley's affidavit is a sham and will not exclude the statements within it from its summary
18 judgment considerations.

19   *2.* *Affidavit of John S. Bedrow*

20  Defendants seek to exclude the affidavit of Mr. Bedrow from the Court's consideration
21 pursuant to Federal Rule of Civil Procedure 37(c)(1).  Specifically, Defendants argue that Mr.
22 Bedrow was never placed in Plaintiff's Rule 26(a) mandatory disclosures as a person likely to
23 have discoverable information.  Plaintiff replies that Mr. Bedrow only recently replaced Mr. Jack
24 Byrom as Project Manager of the Farad Dam project and that Defendants would have learned of
25 him had they sought to depose Mr. Byrom.  Plaintiffs also point out that Mr. Byrom was properly
26 disclosed as required.

27  Rule 37(c)(1) provides that a party that "without substantial justification fails to disclose
28 information required by Rule 26(a) . . . or to amend a prior response to discovery as required by

1 Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence . . . on a
2 motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).  Plaintiff has
3 provided no argument that a substantial justification exists for the failure to update the mandatory
4 Rule 26(a) disclosures as required by Rule 26(e)(1).  However, the Court also notes that
5 Defendants have not requested leave to conduct discovery relating to the evidence tendered by
6 Mr. Bedrow and apparently made no attempt to depose Mr. Byrom.

7       Despite the Court's disappointment with Plaintiff's failure to update its disclosures
8 properly, the Bedrow evidence will not be excluded from consideration as any error is harmless.
9 The major purpose of the provided affidavit is to note the specific expenditures made on the
10 Farad Dam project.  This information was known by Mr. Byrom and could have been presented
11 by affidavit through Mr. Byrom.  As such, the information is not specific to Mr. Bedrow and the
12 inclusion of that evidence provides no prejudice to Defendants above and beyond that which
13 naturally comes from properly presented evidence opposed to one's position.  Accordingly, the
14 Court will not exclude the affidavit of Mr. Bedrow from consideration when discussing summary
15 judgment.

16     **B.**    **Summary Judgment**

17       The Court now turns to Defendants' motion for summary judgment.  Contained within
18 the arguments surrounding this motion are two grounds on which requests for summary judgment
19 are based.  First, Defendants argue that no repairs have begun and therefore summary judgment
20 must be granted because there has been no compliance with the requirements of the insurance
21 contract.  Second, Defendants argue that the one million dollar payment in 2001 served to
22 complete the contract and terminate any potential repair and replacement payments in the future.

23     *1.*    *Lack of Repair, Replacement or Rebuilding Expenses*

24       The Court notes that considering the affidavits of Ms. Wiley and Mr. Bedrow creates a
25 material issue of fact whether expenses have been incurred to rebuild Farad Dam.  Defendants
26 argue that no money has been spent, Plaintiff responds by listing certain dollars expended over
27 the years, claiming they are related to rebuilding the dam.  The resolution of this issue is one for
28 the jury and summary judgment is not appropriate on this ground.

*2.   Alleged Actual Cash Value Payment*

Defendants argue their one million dollar payment constituted an actual cash value payment that was accepted by Plaintiff, terminating all obligations under the contract to pay for rebuilding costs. Plaintiff contends its acceptance of this payment was never meant to terminate its right to rebuilding costs. The Court notes that an extension of time in which to replace, repair or rebuild the dam was granted after this 2001 payment. As such, the undisputed facts show a course of dealing between the parties that would suggest the one million dollar payment was not meant as a final payment. As such, a material issue of fact exists and summary judgment is inappropriate on this ground as well.

**CONCLUSION**

It is therefore ORDERED that the Defendants' Motion to Exclude Evidence Submitted by Plaintiff (# 37) is DENIED;

It is further ORDERED that Defendants' Motion for Summary Judgment (# 27) is DENIED.

DATED this  17th  day of November, 2005.

_____
LARRY R. HICKS
United States District Judge