UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| SIERRA PACIFIC POWER COMPANY, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, as successor in interest to ZURICH INSURANCE COMPANY, US BRANCH,<br><br>Defendants. | 03:04-CV-0034-LRH (RAM)<br><br>ORDER |

Presently before this court is Plaintiff Sierra Pacific Power Company's ("SPPC") motion in opposition to the filing of Defendants', Hartford Steam Boiler Inspection Company and Zurich American Insurance Company, Renewed Motion for Summary Judgment (#79[1]). In its motion SPPC opposes granting Defendants leave to file a partial motion for summary judgment, moves to strike Defendants' renewed motion for summary judgment, responds to portions of Defendants' motion for summary judgment, and requests additional time to file a proper opposition to the summary judgment motion if it is allowed to proceed. Defendants have replied to SPPC's motion (#82) and SPPC has filed a reply (#84).

SPPC raises four grounds upon which it contends the court should preclude Defendants from proceeding with their renewed motion for summary judgment: (1) the motion is untimely;

---

[1] References to (# XX) refer to the court's docket.

(2) the motion is brought in violation of the scheduling order; (3) the motion is outside the Rules of Procedure; and (4) the motion is redundant, as the issues raised were previously dealt with by the court.

The court has reviewed SPPC's objections to Defendants' motion and, although finding most valid, concludes that they are outweighed by the court's need to resolve the issues raised in Defendants' motion prior to trial. Defendants' raise in their motion an issue of pure law regarding the interpretation of the contract entered into between SPPC and Defendants. Should Defendants' interpretation of the contract control this matter, SPPC would likely not be entitled to recovery. Further, as an issue of law, failure to resolve this issue prior to trial could result in a substantial disruption of the trial should the issue be raised at that time. Finally, the court has reviewed Defendants' renewed motion and concludes that the issues raised were not specifically dealt with by the court in any previous order, but rather raise new provisions of the contract which should be interpreted prior to trial.

Thus, the court concludes that good cause exists to modify the prior scheduling order to allow Defendants to pursue the current motion. While the court dislikes returning to a summary judgment motion at this late stage, it appears that all parties will benefit by having this issue resolved prior to trial.

Accordingly, the current trial date shall be vacated pending resolution of the renewed motion for summary judgment. Further, the court shall consider Defendants' filing of the current motion to also constitute a motion for leave to file a renewed motion for summary judgment; and the court will grant such a request. SPPC will be given fifteen (15) days to file a proper opposition to Defendants' renewed motion for summary judgment and Defendants will have ten (10) days after the opposition is filed in which to reply.

///

///

///

///

///

It is therefore ORDERED that SPPC's pending motion (#79) is GRANTED in part and DENIED in part;

The court will not strike Defendants' renewed motion for summary judgment, but will provide SPPC with leave to file an opposition. SPPC shall file an opposition to Defendants' renewed motion for summary judgment within fifteen (15) days of the filing of this order and Defendants shall file a reply within ten (10) days of the filing of SPPC's opposition.

It is further ORDERED that the trial date previously set for this matter as November 30, 2006, is VACATED pending the resolution of Defendants' renewed motion for summary judgment.

DATED this 7th day of November, 2006.

____________________________________

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE