UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA PACIFIC POWER COMPANY, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, a Connecticut corporation, and ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, as successor in interest to ZURICH INSURANCE COMPANY, US Branch, <br><br> Defendants. | 3:04-CV-00034-LRH-RAM <br><br> <u>ORDER</u> |

Before the court is Plaintiff's Motion to Stay or Toll 3 Year Time to Rebuild Farad Until Final Disposition on Appeal and Remand to This Court (#204[1]). Defendants filed an opposition (#205), and Plaintiff filed a reply (#206).

**I.    Facts and Procedural History**

This case involves a dispute about the extent of insurance coverage in policies that Plaintiff Sierra Pacific Power Company procured from Defendants Hartford Steam Boiler Inspection and

---

[1] Refers to the court's docket entry number

1  Insurance Company and Zurich American Insurance Company. The coverage issues relate to the
2  destruction by flood of the Farad Diversion Dam, which was owned and operated by Plaintiff.
3        Following a bench trial, on September 30, 2008, this court awarded declaratory relief and
4  entered judgment in favor of Plaintiff in accordance with the court's Findings of Fact and
5  Conclusions of Law. Doc. ## 164-165. Among other findings and conclusions, the court stated:
6  "The actual time necessary to rebuild and replace Farad Dam with diligence and dispatch is three
7  years following this court's Finding of Facts and Conclusions of Law." Doc. #164, p. 7. Also: "It
8  is equitable to extend the two-year time period laid out in the policy to replace Farad for an
9  additional three-year period following this court's order based on impossibility, and because of
10  Hartford/Zurich's unreasonable, misleading and clearly erroneous coverage positions." *Id.* at 8.
11        On October 10, 2008, Plaintiff filed a motion to reconsider the court's determination of
12  actual replacement cost. Doc. #166. On July 10, 2009, this court entered an order denying the
13  motion and further ordering "that the three-year extension granted for the replacement of the dam
14  is tolled by pendency and resolution of this motion." Doc. #182, p. 6. Plaintiff then filed a notice
15  of appeal on August 5, 2009, and Defendants filed a notice of appeal on August 18, 2009. Doc.
16  ##183, 187.
17        On August 3, 2010, Plaintiff filed the instant Motion to Stay or Toll 3 Year Time to Rebuild
18  Farad Until Final Disposition on Appeal and Remand to This Court. Doc. #204. Citing Federal
19  Rule of Civil Procedure 62, the motion requests "that this court stay its order of July 10, 2009
20  effective from that last tolling date, and toll all periods of time respecting the rebuilding of Farad
21  until 3 years from final disposition on appeal, and remand to this court." *Id.* at 2. Defendants
22  oppose the motion, arguing that this court lacks jurisdiction to entertain the motion because "Sierra
23  is not trying to stay execution on a judgment, but rather, asks this Court to modify the very
24  judgment that is on appeal to the Ninth Circuit Court of Appeals." Doc. #205, p. 2. In reply,
25
26

Plaintiff denies that it is asking the court to modify the judgment on appeal and avers that it instead "seeks a stay pending appeal under FRCP 62." Doc. #206, pp. 1-2.

**II.   Discussion**

In substance, Plaintiff's motion seeks to toll the running of the 3-year period granted by the court for rebuilding of the Farad Dam. A stay of this court's judgment, however, would not accomplish such a result. Thus, to the extent Plaintiff requests a stay pending appeal under Rule 62, the motion will be denied.

To the extent Plaintiff seeks modification, correction or clarification of this court's judgment, this court lacks jurisdiction to grant such relief while the case is on appeal. However, where a timely motion is made for relief that the court lacks authority to grant due to the pendency of an appeal, the court may issue an indicative ruling stating that it would grant the motion if the court of appeals were to remand for that purpose. *See* Fed. R. Civ. P. 62.1(a); *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). Rule 60 authorizes the court, "on motion or on its own, with or without notice," to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). While an appeal is pending, "such a mistake may be corrected only with the appellate court's leave." *Id.*

It was always the court's intention that the three-year period for rebuilding the Farad Dam would be tolled until the conclusion of the litigation, including during the pendency of any appeal of the court's judgment by the Defendants. The court's omission of an express provision regarding appeals was an oversight. The court's original intent is also implicit in its findings of fact and conclusions of law, including:

* \*   Plaintiff, as a publicly-traded, highly-regulated public utility, is "not in a position that would allow it to undertake the estimated $19,800,000 expense necessary for the reconstruction and replacement of the Farad Dam unless there was some reasonable

3

        assurance that it was insured for a significant portion of the expected reconstruction and replacement costs."  Doc. #164, p. 6.

* "The actual time necessary to rebuild and replace Farad Dam with diligence and dispatch is three years following this court's Finding of Facts and Conclusions of Law." *Id.* at 7.

* "The provision in the insurance coverage, which provided that in the event the property was not repaired, rebuilt or replaced within two years from the date of loss or damage was impossible to meet and . . . was not enforceable. *Id.* at 7-8.  Furthermore, the two-year provision was "not material," "waived," "contrary to public policy as it was impossible to fulfill," "excused," and may not be asserted by Defendants due to their actions in intentionally misleading Plaintiff concerning available coverage.  *Id.* at 8.

* "It is equitable to extend the two-year time period laid out in the policy to replace Farad for an additional three-year period following this court's order based on impossibility, and because of Hartford/Zurich's unreasonable, misleading and clearly erroneous coverage positions." *Id.* at 8.

Not tolling the three-year period during the pendency of an appeal by the Defendants is contrary to the court's original intent and would allow Defendants to undermine the court's findings of fact and conclusions of law and Plaintiff's entitlement to equitable relief.  Thus, if the Court of Appeals were to remand for the purpose of correcting or clarifying the judgment, the court would clarify its original intent by making it express that the three-year period granted for rebuilding Farad Dam should be tolled until the conclusion of the litigation, including during the pendency of any appeal by the Defendants.

        IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay or Toll 3 Year Time to Rebuild Farad Until Final Disposition on Appeal and Remand to This Court (#204) is DENIED.

IT IS FURTHER ORDERED that the court hereby issues an indicative ruling that it would clarify and correct the judgment as described herein if the Court of Appeals were to remand for that purpose. Pursuant to Federal Rule of Civil Procedure 62.1(b), Plaintiff shall promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 of the court's indicative ruling.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE